Aguiar, J.
This appeal raises the issue of whether the trial judge erred in finding that the foreign substance was present upon the defendant’s supermarket floor for an appreciable amount of time when there was no direct evidence regarding the time element.
We find there was no error.
This is an action in tort brought by the plaintiff to recover for personal injuries suffered as a result of a fall in a store owned and operated by the defendant
There was evidence that as the plaintiff attempted to place cooking oil in her shopping carriage, she took one step and fell. Plaintiff testified that as she was lying on the ground, she felt a wet substance on her pants and back and that it was a “greasy, oily substance.” Plaintiff also testified that she saw defendant’s employees generally “milling around,” and did not recall seeing any defendant’s employees in the aisle where she fell.
There was evidence that plaintiff lay on the floor for approximately five to ten minutes during which time another customer approached and offered assistance. Eventually defendant’s assistant manager arrived at the scene and an ambulance was requested.
Defendant’s assistant manager, Donna Parker, testified that she did not see or feel any sticky, oily or foreign substance on the floor at the scene of the incident.
According to Donna Parker, Shaw’s did not have a policy for the regular inspection of the customer aisle ways nor did Shaw’s have a policy relating to the number of times per day that its store was to be swept and mopped. She testified that all employees of Shaw’s were responsible for the inspection of the customer aisle ways as they went about their various duties. There was evidence that the store was equipped with a TV surveillance system that would periodically scan the store but she was not sure that it was on that day.
At the close of the plaintiff’s case the defendant submitted its motion for involuntary dismissal which was denied. Subsequently, on May 21,1998 judgment was entered against Shaw’s in the amount of $10,800 plus prejudgment interest and costs for a total judgment of $13,041.55.
The trial judge made specific findings of fact as follows:
“The court finds that on April 8, 1996 the plaintiff, Joanne Anderson, was lawfully on the premises owned and controlled by the defendant, Shaw’s Supermarket, Inc. The plaintiff was injured when she slipped and fell on a slick and oily substance on the floor of said premises. The slick oily substance was on the premises for such a period of time that the defendant knew or should have known of its existence and removed it. Thus, the defendant was negligent in failing to remove said substance.
“The court further finds that the negligence of the defendant was the proximate cause of the plaintiff’s injuries. The negligence of the defendant exceeded any neg *273 ligence on the part of the plaintiff.
“Therefore, the court finds for the plaintiff, Joanne Anderson, and assesses damages in the amount of $10,800.”
We find there was no error.
Not only did the defendant’s employees fail to discover the foreign substance on the floor — it took the assistance of a fellow customer to find the plaintiff laying on the floor and minutes passed before an employee of the store was summoned to the scene by that customer. Such casualness on the part of the defendant’s employees and the lack of any reasonable and periodic inspection of the aisle ways is evidence of negligence.
The trial judge is entitled to weigh the evidence and resolve all questions of credibility, ambiguity, and contradiction in reaching its decision. Those findings of fact should not be overturned unless clearly erroneous.
The length of time allowed to discover and remedy a hazardous condition depends on the opportunity for discovery open to the defendant’s employees by reason of their number, their physical proximity to the condition in question and in general the likelihood that they would become aware of the condition in the normal performance of their duties.
It is reasonable for the judge to infer based on the totality of circumstances that Shaw’s failed to exercise reasonable measures to ensure that the surface of the customer aisle ways was free of any hazards.
In the instant case the court found that Shaw’s was negligent in that it knew or should have known of the slick oily substance.
We find that that decision was not clearly erroneous.
For all the above reasons the appeal is dismissed.